No. 25,712.

THE STATE BANK OF PECK, *Appellant,* v. BESSIE PICKENS, *Appellee.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Signed by Surety After Delivery—No Consideration Passing to Surety.* A promissory note signed by a surety at the request of the payee, after it had been executed by the principal and delivered to and accepted by the payee, is without consideration as to the surety where there is no benefit to him, no detriment to the payee, and no change in the relations between the principal and the payee.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed February 7, 1925. Affirmed.

*Charles G. Yankey, W. E. Holmes, D. W. Eaton,* and *John L. Gleason,* all of Wichita, for the appellant.

*R. C. Foulston, A. M. Ebright, George Siefkin,* and *S. L. Foulston,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover on a promissory note. The defenses were that the note had been executed by the defendant to the plaintiff for the accommodation of the latter, that there was no consideration for the signature of the defendant, and that the defendant had not sufficient mental capacity at the time the note was signed to execute a binding obligation. The plaintiff did not introduce any evidence.

The jury returned a verdict in favor of the defendant and answered special questions as follows:

"1. Was there any consideration for the execution of the note sued on in this action? A. No.

"2. If you answer the preceding question in the affirmative, then state what the consideration was. A. ———.

"3. Did the State Bank of Peck accept the note of H. O. Pickens sued on in this action because it was signed by Mrs. Pickens? A. No.

"4. Was the note dated March 1, 1922, for $2,653.77, signed by Bessie Pickens, sued on in this action, signed by Bessie Pickens before or after said note was delivered to and accepted by the bank? A. After.

"5. Was the defendant mentally incompetent to sign the note sued on in this action at the time when she signed it? A. Yes."

Judgment was rendered for the defendant, and the plaintiff appeals.

Was there a consideration for the signature of Bessie Pickens to the note? There was evidence which tended to show that H. O. Pickens, a stepson of the defendant, owed the plaintiff an amount of money; that he had given to the plaintiff promissory notes evidencing the amounts of the indebtedness; that defendant Bessie Pickens had signed some or all of those notes with H. O. Pickens; that the note sued on was a renewal note which had been signed by H. O. Pickens, but not by Bessie Pickens, and in that condition had been left with the plaintiff, whose representative afterward went to the defendant and secured her signature to the note upon requesting that she sign it for the accommodation of the plaintiff, and by stating that she would not be liable thereon and would not have to pay it; and that no consideration whatever was given to the defendant Bessie Pickens for her signature. There was no evidence to show any detriment to the plaintiff, nor that any change was made in the relations between it and H. O. Pickens concerning the payment of the indebtedness. There was sufficient evidence to establish that the note had been executed by Bessie Pickens without consideration and for the accommodation of the plaintiff.

The question of consideration for the note is the foundation for a number of errors claimed by the plaintiff. It is not necessary to discuss each of them specifically.

Complaint is made of the admission of the evidence of a physician who was permitted to testify that he was a doctor, had been for nearly twenty years, had known the defendant, and had attended her as a physician; that she was under his care during 1920, 1921 and 1922; that he observed her mental condition in 1921 and 1920, and that she was not competent to transact any business such as

signing a promissory note. Even if there were error in the admission of that evidence, it did not affect the defense that the note was signed by Bessie Pickens without consideration.

The judgment is affirmed.